**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| Stephine Johnson, *on behalf of A.J.S,* | ) | |
| *a minor,* | ) | |
| | ) | Civil Action No.: 0:17-cv-01201-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of Magistrate Judge Paige J. Gossett's ("Magistrate Judge") Report and Recommendation ("Report") filed on July 10, 2018 (ECF No. 22). The Report addresses Plaintiff Stephine Johnson's ("Plaintiff")[1] claims for Supplemental Security Income ("SSI") on behalf of her minor child and recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner") denying the claims for SSI. (*Id.* at 1.) For the reasons stated herein, the court **ACCEPTS** the Report and **AFFIRMS** the decision of the Commissioner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 22.) As brief background, Plaintiff filed an application for SSI, on behalf of her minor daughter, on May 2, 2014. (*Id.* at 3.) Her application was denied initially. (*Id.*) After a hearing was held on February 26, 2016, an administrative law judge ("ALJ") determined, on March 25, 2016, that Plaintiff's daughter did not have "an impairment or

_____

[1] The court observes that the record and briefs refer to Plaintiff as both Stephine and Stephanie. (ECF No. 22 at 1 n.1.)

combination of impairments that meets or medically equals the severity of one of the listed impairments" pursuant to 20 C.F.R. §§ 416.924, 416.925, and 416.926. (*Id.*; ECF No. 9-2 at 16.) More specifically, the ALJ found that Plaintiff's daughter had "less than a marked limitation in acquiring and using information, in attending and completing tasks, and in caring for herself, and no limitation in moving about and manipulating objects, and in health and physical well-being." (ECF No. 22 at 6 (citing ECF No. 9-2 at 23-28).) Additionally, the ALJ also stated that Plaintiff's daughter had *less than a marked limitation* in interacting and relating with others. (*Id.*) However, elsewhere in the opinion, the ALJ opined that interacting and relating with others *was a marked limitation* for Plaintiff's daughter. (*Id.*) The ALJ denied the SSI benefits to Plaintiff's daughter on this basis because she was not disabled for purposes of the Social Security Act ("the Act"). (ECF No. 9-2 at 28.) Plaintiff's request for the Appeals Council ("the Council") to review the ALJ's decision was denied on March 9, 2017. (ECF No. 22 at 3.) Thus, the ALJ's decision became the final decision of the Commissioner. *See Moody v. Chater*, 1995 WL 627714, at *1 (4th Cir. Oct. 26, 1995) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review of an ALJ's decision). Plaintiff filed the instant action on May 8, 2017. (ECF No. 1.)

In the Report, the Magistrate Judge concluded that Plaintiff failed to demonstrate that the ALJ's decision was not supported by substantial evidence. (ECF No. 22 at 9.) Specifically, the Report noted that the ALJ "considered many of the issues raised by [Plaintiff] that [Plaintiff] believes support additional limitations." (*Id.* at 9.) After reviewing the evidence underlying the ALJ's decision, the Report ultimately recommended that the court affirm the decision of the Commissioner. (*Id.* at 9-10.)

The parties were apprised of their opportunity to file specific objections to the Report on July 10, 2018. (*Id.* at 11.) On July 15, 2018, Plaintiff filed an Objection to the Report and argued that the ALJ made impermissible conclusions and failed to weigh all of the evidence fairly. (ECF No. 23 at 3-5.) Moreover, Plaintiff maintains that the ALJ's decision was not based on substantial evidence. (*Id.* at 1.) Plaintiff urges the court to reject the Magistrate Judge's Report and remand the case for further administrative proceedings. (*Id.* at 4.) The Commissioner responded to Plaintiff on July 18, 2018. (ECF No. 24.) The Commissioner requests the court to accept the Magistrate Judge's Report and argues that Plaintiff is repeating arguments already rejected by the Magistrate Judge. (*Id.* at 1.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing

*Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

Plaintiff makes two objections to the Magistrate Judge's Report. (ECF No. 23 at 3-4.) First, Plaintiff argues that the ALJ drew impermissible conclusions by interpreting the medical evidence and "playing doctor." (*Id.* at 3.) Second, Plaintiff submits that the ALJ erred by not weighing "all of the evidence, contrary to the substantial evidence standard," and did not weigh all of the evidence fairly. (*Id.* at 1, 4.) The court will consider each objection in turn.

Generally, "[a]n ALJ cannot play the role of doctor and interpret medical evidence when he or she is not qualified to do so." *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996); *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990)). It is therefore impermissible for an ALJ to make medical determinations when a doctor could do so in the first instance. *See Bowers v. Colvin*, 628 F. App'x 169, 173 (4th Cir. 2015). On the one hand, a mere recitation of medical findings is not an improper medical determination by an ALJ. *See Jones v. Colvin*, C.A. No. 9:14-4339-TMC-BM, 2016 WL 1054991, at *5 (D.S.C. Mar. 17, 2016) (holding that an ALJ's mere discussion of a MRI report was not an impermissible interpretation of medical findings). On the other hand, an ALJ acts inappropriately when there is

an attempt to "arrive at some conclusion" about medical evidence or a "tendency to interpret, rather than weigh, the evidence." *Anderson v. Berryhill*, C/A No. 6:16-cv-3550-DCC, 2018 WL 1531558, at *3 (D.S.C. Mar. 29, 2018).

First, Plaintiff argues that the ALJ drew "impermissible conclusions" by interpreting the medical evidence of her daughter. (ECF No. 23 at 3.) In addition, Plaintiff submits that the ALJ "play[ed] doctor" and inappropriately described the daughter's history as "difficulties associated with her developmental stage of life." (*Id.*; ECF No. 9-2 at 22.) The court rejects Plaintiff's arguments because they are without legal merit. The ALJ concluded that, due to her medication, Plaintiff's daughter was able to "operate as a fully functioning adolescent female with difficulties commonly associated with her developmental stage of life." (ECF No. 9-2 at 22.) The ALJ also recommended that Plaintiff's daughter "pursue physical exercise as a health outlet for frustration and aggression." (*Id.*) These conclusions and recommendations fail to rise to the level of "playing doctor" because the ALJ is not making a medical determination in the first instance, nor is the ALJ making a prohibited medical inference. *See Bowers*, 628 F. App'x at 173. Rather, the ALJ first made a legal conclusion, after a thorough review of the medical evidence, and then provided a mere suggestion regarding physical activity. (ECF No. 9-2 at 22.) The ALJ did not offer a medical conclusion or opinion similar to those upon which the court has previously frowned. *See Poole v. Astrue*, No. 2:11–3115–DCN–BHH, 2013 WL 595147, at *7-*8 (D.S.C. Jan. 31, 2013), *report and recommendation adopted by Poole v. Colvin*, No. 211–cv–3115 DCN, 2013 WL 595123, at *1 (D.S.C. Feb. 15, 2013); *see also Anderson*, 2018 WL 1531558, at *3. As such, the court does not find that the case warrants a remand on this ground.

Second, Plaintiff argues that the ALJ failed to fairly weigh "all the evidence." (ECF No. 23 at 4.) "It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to

make findings of fact and resolve conflicts in the evidence." *Jones v. Astrue*, C/A No. 8:11–796–JFA–JDA, 2012 3135270, at *1 (D.S.C. Aug. 1, 2012). "Nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted). Upon review of the record, the ALJ specifically recognized evidence to which Plaintiff describes in her Objection. (ECF No. 9-2 at 18-22, 24-27.) This court declines to reconcile and reweigh the evidence as Plaintiff seems to request implicitly. *See Seacrist v. Weinberger*, 588 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Given that the ALJ considered all of the evidence, including evidence in Plaintiff's favor, Plaintiff has failed to demonstrate that the ALJ's decision is unsupported by substantial evidence. Thus, the court does not find that the case warrants a remand on this ground.

## IV. CONCLUSION

After a thorough review of Plaintiff's Objection (ECF No. 23) and the Magistrate Judge's Report (ECF No. 22), the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 22) and **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 5, 2018
Columbia, South Carolina